**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **VICTOR HERNANDEZ,** | ) | **CASE NO. 4:09CV3022** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Victor Hernandez' ("Hernandez") Motion to Stay or Dismiss. (Filing No. 9.) As set forth below, the Motion is denied.

### I.  BACKGROUND

On September 12, 2003, a jury found Hernandez guilty of one count of first degree murder and one count of use of a deadly weapon to commit a felony. (Filing No. 13-8, Attach. 7, at CM/ECF p. 77.) Hernandez was thereafter sentenced to life imprisonment on the first degree murder conviction and 10-20 years on the use of a deadly weapon conviction. (*Id.* at CM/ECF p. 78.) Hernandez filed a timely appeal, and the Nebraska Supreme Court affirmed his conviction and sentence on December 10, 2004. *State v. Hernandez*, 689 N.W.2d 579 (Neb. 2004).

On December 2, 2005, Hernandez filed a verified motion for post conviction relief ("First Post Conviction Motion"). (Filing No. 13-9, Attach. 8, at CM/ECF pp 6-13.) The Douglas County, Nebraska District Court denied relief on the First Post Conviction Motion, and the Nebraska Supreme Court affirmed the denial of post-conviction relief on April 16, 2008. (*Id.* at CM/ECF pp. 25-28; Filing No. 13-2, Attach. 1, at CM/ECF pp. 12-22.) On January 5, 2009, Hernandez filed a second or successive verified motion to set aside convictions ("Second Post Conviction Motion"). (Filing No. 14-3, Attach. 2, at CM/ECF pp. 39-50.) The Douglas County, Nebraska District Court denied relief on the Second Post

Conviction Motion because Hernandez' claims were procedurally barred. (*Id.* at CM/ECF pp. 66-71.) In particular, the Douglas County District Count found that Hernandez could have raised his claims in either his direct appeal or in his First Post Conviction Motion. (*Id.*) Hernandez' appeal of the denial of his Second Post Conviction Motion is still pending. (Filing No. 15 at CM/ECF pp. 2-3.)

Hernandez filed his Petition for Writ of Habeas Corpus ("Petition") in this court on February 4, 2009. (Filing No. 1.) Hernandez asserted the following claims in his Petition, which were condensed and summarized for clarity by the court:

Claim One: Petitioner's statement to police violated his Fifth Amendment privilege against self-incrimination because the police interrogation officer did not "properly and clearly advis[e] Petitioner that courts in this country 'will appoint' an attorney for an indigent defendant."

Claim Two: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel did not require the State to re-arraign Petitioner after the State amended the Information to include the allegation that he "aided and abetted the direct perpetrator to commit felony murder" and he did not advise Petitioner that he could be convicted of aiding and abetting even though "he was not charged under that theory of culpability in the State's Information against him."

Claim Three: Petitioner's conviction was obtained in violation of the due process clause of the Fourteenth Amendment because the jury used an "unconstitutional general verdict form" to convict him.

Claim Four: Petitioner's conviction was obtained in violation of the Sixth Amendment's guaranty of an accused's right to a speedy trial.

Claim Five: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel did not effectively challenge trial counsel's failure to

> advise Petitioner "that he could be convicted under the theory of aiding and abetting."

(Filing No. 8 at CM/ECF pp. 1-2.)

## II. MOTION TO STAY

Hernandez requests that the court either stay or dismiss these proceedings so that he can return to state court for a fourth time to argue "plain error" in relation to Claims Three, Four, and Five. (Filing No. 9.) While a federal district court has the discretion to stay a mixed petition, a stay should be granted only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A mixed petition is "a single petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271. Stay and abeyance of a mixed petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Furthermore, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." *Id.*

After careful review of the record, the court finds that the Petition is not mixed, and that a stay and abeyance, or dismissal, of the Petition is not warranted. Hernandez did not raise Claims Three, Four, and Five in his direct appeal or First Post Conviction Motion. Although Hernandez arguably raised portions of these claims in his Second Post Conviction Motion, the Douglas County District Court determined that the claims were procedurally defaulted and that Hernandez failed to show any reason for his failure to raise them earlier. Hernandez now requests that the court dismiss this matter so that he can return to state court and file a third post conviction motion arguing "plain error" and perhaps other claims. Permitting Hernandez to do so would be futile, because Hernandez will be barred from proceeding with a third postconviction motion. See *State v. Jackson*, 747

N.W.2d 418, 429 (Neb. 2008). In short, Hernandez had three opportunities to raise his Claims in the state courts, but chose not to do so. Thus, to the extent they were not previously raised, Claims Three, Four, and Five are exhausted by procedural default. The court also notes that, in the event that these Claims are not procedurally defaulted, Respondent addressed the merits of these Claims in his Brief, and Hernandez may do the same in his response, as set forth below. (Filing No. 16.)

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Stay or Dismiss (Filing No. 9) is denied. Respondent has filed an Answer and Brief in support. No later than October 2, 2009, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court;

2. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision; and

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 2, 2009: check for Petitioner's brief in response to answer and brief.

Dated this 2nd day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.